UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES H. THIBODEAUX                                        CIVIL ACTION

VERSUS                                                              No. 12-2080

TAMASHIRO, ET AL.                                             SECTION I

ORDER AND REASONS

Plaintiff, Charles H. Thibodeaux ("Thibodeaux"), filed a complaint against defendants, Lester Tamashiro, an FBI agent; Marvin Opotowsky, a former Assistant U.S. Attorney; Elizabeth DePaula, a U.S. Probation Officer; Patrick Williams, a Senior U.S. Probation Officer; Kerry P. Cuccia, Thibodeaux's former attorney; and the U.S. Department of Justice ("DOJ"), alleging that various acts related to his 1992-93 criminal prosecution and conviction were unlawful.[1] The government filed a motion for dismissal, arguing that a one-year limitations period and the *Heck* doctrine bar Thibodeaux's *Bivens* claims and that sovereign immunity additionally bars his claims against the DOJ.[2] For the foregoing reasons, the motion for dismissal is **GRANTED**.

BACKGROUND

With respect to Lester Tamashiro and Marvin Opotowsky, Thibodeaux alleges that Tamashiro "did search plaintiffs residence with out Probable Cause or Warrant in February, 1992."[3] He separately alleges that: "Before February 29th, Defendant upon lying to Magistrate Louis More,

---

[1] R. Doc. No. 1, p. 1. In some instances, the government's motion to dismiss, provided these complete names and formal job titles, which align with Thibodeaux's descriptions. *See* R. Doc. No. 30-1, at 1-3; R. Doc. No. 30.
[2] R. Doc. No. 30.
[3] R. Doc. No. 1, at 1.

Sr. to obtain a search warrant for the search of Plaintiffs home."[4] Thibodeaux also alleges that by charging him under 18 U.S.C. § 922(g)(1), Marvin Opotowsky violated the U.S. Constitution's *ex post facto* provision.[5] Art. 1, § 9, cl. 3. Thibodeaux further alleges that these two defendants' acts were motivated by greed and a desire to steal Thibodeaux's antique firearms.[6]

As to the other defendants, Thibodeaux alleges that Kerry P. Cuccia told Thibodeaux to plead guilty despite his innocence and refused to defend him despite being paid $3,500.[7] Among other allegations, Thibodeaux states that Elizabeth DePaula informed his employer that "Plaintiff was guilty of Rape (no trial) and should not be allowed association with women," leading to his forced resignation.[8] He further alleges that Patrick Williams warned Thibodeaux not to report this incident, threatening that "should Plaintiff ever say anything about this, he would spend the rest of his life in a Mental Institution."[9]

Thibodeaux requests that the individual defendants pay him one million dollars in damages and that the DOJ pay him fifteen million dollars.[10] He also asks that the Court "release him from his Felony status as quickly as possible."[11] In response to the government's motion for a more definite statement,[12] Thibodeaux clarified that he is suing the individual defendants "in Proper Person not as an employee of the government" for acts occurring in 1992 and 1993 related to his criminal

---

[4]*Id.*
[5]*Id.* at 2.
[6]*Id.*
[7]*Id.* .
[8]*Id.*
[9]*Id.*
[10]*Id.* at 3.
[11]*Id.* at 4.
[12]R. Doc. No. 15.

prosecution and conviction.[13] *See also United States v. Charles H. Thibodeaux*, No. 92-cr-230 (E.D. La. filed 1992, terminated 1993).

This Court dismissed the claims against Lester Tamashiro for lack of service.[14] On February 13, 2013, the government moved for dismissal of Thibodeaux's claims against Marvin Opotowsky, Elizabeth DePaula, and Patrick Williams, in their individual capacities, and the DOJ.[15]

### STANDARD OF LAW

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). As the Fifth Circuit explained in *Gonzalez v. Kay*:

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

---

[13]R. Doc. No. 19, p. 6.
[14]R. Doc. No. 31. Even had Lester Tamashiro remained a defendant, the claims against him would have failed for the reasons discussed below.
[15]R. Doc. No. 30.

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey*, 197 F.3d at 774; *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)). Furthermore, "[i]t is well-established that 'pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.'" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)).

## *DISCUSSION*

The government argues that the *Heck* doctrine and the relevant limitations period bar Thibodeaux's claims. The Court agrees with the government, but emphasizes that these two doctrines do not apply coextensively to each claim.

An action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), "affords a victim of unconstitutional conduct by a federal actor or agent a direct remedy under the U.S. Constitution." *Abate v. S. Pac. Transp. Co.*, 993 F.2d 107, 110 (5th Cir. 1993). When a *Bivens* action implies the invalidity of an underlying criminal conviction, "[a]ccording to the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994), [a defendant] cannot bring his *Bivens* action for damages until his conviction or sentence has been 'reversed on direct appeal, expunged by executive order, declared invalid . . . or called into question by a federal court's

issuance of a writ of habeas corpus.'" *Whitehurst v. Jones*, 278 F. App'x 362, 363 (5th Cir. 2008) (quoting *Heck*, 512 U.S. at 486-87).

The law of the state in which a *Bivens* action is brought provides the limitations period. Louisiana's one-year personal injury statute of limitations governs Thibodeaux's *Bivens* claims. *Alford v. United States*, 693 F.2d 498, 499 (5th Cir. 1982); *see also Adrian v. Selbe*, 364 F. App'x 934, 936 (5th Cir. 2010). Federal law, however, determines when these claims accrued. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts in which the exercise of due diligence would have led to actual knowledge thereof." *Id.* (quotation omitted). "A plaintiff need not realize that a legal cause of action exists; a plaintiff need only know the facts that would support a claim." *Id.* A claim that is initially *Heck* barred does not accrue until the underlying conviction is invalidated. *Whitehurst*, 278 F. App'x at 363.

Thibodeaux's claims against Marvin Opotowsky for wrongful investigation or prosecution are *Heck* barred because success on these claims would imply the invalidity of the underlying criminal conviction.[16] Of note, these claims are not time barred because they do not accrue until an invalidation of the underlying conviction. *Whitehurst*, 278 F. App'x at 363-64 (concluding that district court erred in dismissing suit as time barred, but affirming on alternative ground that suit was *Heck* barred).

---

[16]Absolute immunity applies to any claims against Marvin Opotowsky for acts "intimately associated with the judicial phase of the criminal process." *Hoog-Watson v. Guadalupe Cnty.*, Tex., 591 F.3d 431, 438 (5th Cir. 2009) (quotation omitted).

With respect to Thibodeaux's Fourth Amendment claim and his allegations of various improper acts by U.S. Probation Officers, it is unclear whether success would necessarily imply the invalidity of his conviction. *See Heck*, 512 U.S. at 487 n.7, *quoted in Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996). However, if these claims are not *Heck* barred, then they are time barred. Thibodeaux does not dispute the government's assertion that the facts underlying his claims "were readily available to Plaintiff twenty years ago."[17] Thibodeaux's argument that he was ignorant of the legal basis for these claims "amounts to no more than pleading ignorance of the law. Ignorance of legal rights, or failure to seek legal advice, does not toll the statute of limitations." *Quina v. Owens-Corning Fiberglas Corp.*, 575 F.2d 1115, 1118 (5th Cir. 1978) (quotation and modification omitted); *see also Piotrowski*, 51 F.3d at 516. Accordingly, these claims accrued approximately twenty years ago and the limitations period has long since passed. Finally, it is well established that sovereign immunity bars Thibodeaux's *Bivens* claims against the DOJ. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 486 (1994).

Thibodeaux alleges in his complaint that a U.S. District Judge, who is not a named defendant, refused to permit him "to retrieve his wife from the Phillippines" while on bond, and this refusal was responsible for his wife being forced into prostitution and for her death.[18] Thibodeaux notes this allegation and argues there is no time limit on a cause of action premised on "the causing of a persons death w[h]ether directly or indirectly." The Court construes Thibodeaux's argument to suggest that he is bringing an action against the named defendants premised on his wife's wrongful death, although the record suggests that his wife's death was part of his claim for damages related

---

[17]R. Doc. No. 30-1, at 6.
[18]*Id.* at 3; *see also* R. Doc. No. 33, at 4.

to the alleged constitutional violations. In any case, "Louisiana's prescriptive period for survival and wrongful death actions is one year from the date of death." *McGee v. Arkel Int'l, LLC*, 671 F.3d 539, 542 (5th Cir. 2012) (citing La. Civ. Code arts. 2315.1(A), 2315.2(B)).[19] Although an exact date is uncertain, Thibodeaux has not rebutted the government's assertion that all relevant dates occurred approximately twenty years ago. Thibodeaux does not suggest his wife's death was relatively recent, but instead relies solely on an argument that there is no limitations period. This argument is baseless. *See id.* Any claim for survival or wrongful death must be dismissed as time barred.

### *CONCLUSION*

The *Heck* doctrine and the Louisiana limitations period bar Thibodeaux's claims against Marvin Opotowsky, Elizabeth DePaula, Patrick Williams, and the DOJ, which is also entitled to sovereign immunity. Any claim based on the death of Thibodeaux's wife is also time barred.

**IT IS ORDERED** that Thibodeaux's claims against Marvin Opotowsky are **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* conditions are met.

**IT IS FURTHER ORDERED** that Thibodeaux's claims against Elizabeth DePaula, Patrick Williams, and the DOJ are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Thibodeaux is on notice that the Court intends to dismiss the claims against Kerry Cuccia *sua sponte* because *Heck* and the Louisiana limitations period bar these claims, and because Kerry Cuccia was not acting under color of law. *See e.g.*, *Pajooh v. Bobcok*, 71 F. App'x 297, 298 (5th Cir. 2003) (affirming dismissal of *Bivens* claims against retained counsel). Thibodeaux may file an opposition addressing each of these three grounds for dismissal

---

[19]It is unclear when or where Thibodeaux's wife died, but there is no suggestion that Louisiana law does not apply. *Compare McGee*, 671 F.3d at 542.

on or before **Friday, March 15, 2013**. Should he fail to do so, the claims will be dismissed with prejudice.

New Orleans, Louisiana, March 6, 2013.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**